E-FILED
Tuesday, 07 March, 2023  11:40:54 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDGAR COUNTY WATCHDOGS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-01386-CSB-EIL |
| | ) | |
| v. | ) | |
| | ) | |
| ARMY CORPS OF ENGINEERS, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO STRIKE REPLY BRIEF OR,
### IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY

Plaintiff Edgar County Watchdogs ("ECW") hereby moves to strike the reply brief (ECF No. 13) filed by Defendant Army Corps of Engineers (the "Corps") in support of its Motion to Dismiss (ECF No. 5).  No argument in the reply brief bears on the sole ground for which the Corps sought dismissal in its motion: that the case is purportedly moot and so the court lacks subject matter jurisdiction.  It now argues that its search and redactions were proper and that ECW failed to exhaust administrative remedies.  But it cites no case connecting any of these issues to the jurisdictional arguments it raised in its motion, and there is no such connection.  Thus, every argument in the reply brief is waived and should be stricken.  *See Nelson v. La Crosse Cnty. Dist. Atty. (State of Wisconsin)*, 301 F.3d 820, 836 (7th Cir. 2002) ("It is well settled that issues raised for the first time in a reply brief are deemed waived.").  Should the Court decline to strike the reply brief, ECW respectfully requests leave to file a sur-reply to address the arguments the Corps made for the first time in that brief.[1]

---

[1] Though ECW did not oppose the Corps' motion to file the reply brief, that non-opposition was based on the reasonable assumption that the reply brief would respond to the arguments ECW made in its opposition rather than raise new issues.

# I.     BACKGROUND

The Corps has moved to dismiss ECW's complaint.  It made that motion only under Fed. R. Civ. P. 12(b)(1) and made just one argument: that because it had fully responded to ECW's FOIA request, there was no longer a case or controversy that could be redressed by a favorable judicial decision, that the case was moot, and that the Court lacked subject matter jurisdiction under Article III of the Constitution.  *See* MTD at 3, ECF No. 5 ("Defendant brings this motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Procedure 12(b)(1) on the grounds that Plaintiff's cause of action was rendered moot by Defendant's response to Plaintiff's Freedom of Information Act request."); *see also id*. (arguing that, at all stages of the case, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and ***likely to be redressed by a favorable judicial decision***," and that there was no redressable injury here) (emphasis in original).

ECW responded that there remains a case or controversy for two reasons.  First, the Corps produced records with redactions that ECW contends are improper.  Second, ECW contests the adequacy of the Corps' search.  *See* Response Br. at 3-4, ECF No. 6.  Thus, a favorable judicial decision on the redactions would redress ECW's claim that the redactions are improper, and a favorable judicial decision on the search would require the agency to search for and likely produce additional records.  So there is a live case or controversy within the meaning of Article III, the case is not moot, and the Court has subject matter jurisdiction.

# II.     ARGUMENT

## A.     The Court should strike the reply brief.

"It is well settled that issues raised for the first time in a reply brief are deemed waived." *Nelson v. La Crosse Cnty. Dist. Atty. (State of Wisconsin)*, 301 F.3d 820, 836 (7th Cir. 2002).  That rule applies to every argument in the Corps' reply brief: none of those arguments bear on the

grounds it raised for dismissal, which sound in mootness, redressability, and subject matter jurisdiction. Thus, the reply brief should be stricken.

In its reply, the Corps takes the opposite tack from its motion. Whereas initially the Corps sought dismissal because it produced everything ECW requested, it now seeks dismissal largely because it did not produce everything ECW requested. First, the Corps does not dispute in its reply that it redacted portions of the productions under FOIA's Exemption 4. Instead, it now argues that those redactions were proper. Reply Br. at 4, ECF No. 13. Second, on the search, it makes three points: (1) at the time of its motion it had not in fact produced all responsive records despite representing that it had, though it now claims to have corrected the issue; (2) ECW's request only sought the current lease for the Shelby County Marina, so the Corps did not violate FOIA by declining to produce prior leases; and (3) the Corps also did not violate FOIA by declining to produce the competition documents ECW identified as missing because either the request was limited to the competition documents leading to the current lease, which it claims to have produced, or it seeks all prior competition documents, which the Corps contends would require an unduly burdensome search. *Id.* at 2-4.

Ruling for the Corps on any or all these points would not establish that the case is moot and that the Court lacks subject matter jurisdiction. At best it would show that the Corps did not violate FOIA and so is entitled to judgment on the merits. Tellingly, the Corps has not cited a single FOIA case holding that a court lacks subject matter jurisdiction because an agency properly asserted an exemption or conducted an adequate search. That is because when the agency wins on these issues, it is virtually always through a decision on the merits after summary judgment briefing. *See, e.g.*, *DOJ v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 757, 780 (1989) (upholding grant of summary judgment for agency under Exemption 7(c)); *Nat'l Archives & Recs.*

*Admin. v. Favish*, 541 U.S. 157, 175 (2004) (same); *Patterson v. IRS*, 56 F.3d 832, 841 (7th Cir. 1995) (upholding agency's search on summary judgment); *see also Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) (noting that the "vast majority" of FOIA cases are decided on summary judgment).

The Corps also argues for the first time on reply that the case should be dismissed because, purportedly, ECW failed to exhaust administrative remedies by not administratively appealing its redactions and the adequacy of its search.  Reply Br. at 5-6, ECF No. 13.  Specifically, the Corps argues that even though ECW was not required to administratively appeal before filing suit— because that requirement was constructively exhausted by the Corps' failure to respond within FOIA's deadline—ECW now must administratively appeal the production because the challenges it now raises were "not the basis of this suit."  *Id.* at 6.

But the Corps did not raise administrative exhaustion in its motion, and makes no attempt to connect this argument to mootness or the Court's subject matter jurisdiction.  And it is nonsensical that a case would be moot because a party purportedly failed to exhaust administrative remedies.  Mootness concerns whether a party retains a stake in the case such that there remains a case or controversy that can redress his or her claims—whether the Court possesses subject-matter jurisdiction under Article III.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Exhaustion is entirely different: it concerns whether a party has satisfied certain administrative requirements before suing, and it is well-established that, in FOIA cases, "exhaustion is a prudential consideration rather than a jurisdictional prerequisite."  *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004).

Because all the Corps' arguments are unrelated to the mootness ground on which the Corps originally moved to dismiss, they were improperly raised for the first time on reply, and are deemed waived.  The Court should strike them.

- 4 -

**B.      In the alternative, the Court should permit ECW to file a sur-reply.**

If the Court declines to strike the Corps' new arguments, ECW respectfully requests leave to file a sur-reply to respond to them.  Sur-replies are appropriate "when the movant raises new arguments in a reply brief," *Meraz-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011), and in such circumstances are required as a matter of due process.  *See Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc*., 800 F.3d 853, 858 (7th Cir. 2015) (reversing dismissal after District Court denied plaintiff's motion to file sur-reply because due process required that plaintiff have the opportunity to respond to a "novel … theory" raised for the first time on reply).  Here, the Corps argued for the first time on reply that it properly redacted parts of the responsive records under Exemption 4, that ECW's request did not seek bid requests and bids for prior leases, and that ECW failed to exhaust administrative remedies.  Should the Court consider these arguments, ECW has a due process right to respond.

If granted leave to file a sur-reply to address the merits of the case and the Corps' administrative exhaustion argument, ECW anticipates making the following arguments:

- The Corps bears the burden to establish the applicability of its claimed exemptions and the adequacy of its search.  But it cannot meet that burden without supplying sworn, detailed, non-conclusory declarations, and has not provided any declarations here. *Henson v. Dep't of Health & Hum. Servs*., 892 F.3d 868, 875 (7th Cir. 2018) (holding that declarations to support search "must be reasonably detailed, set forth the search terms used in electronic searches and the kind of search performed by the agency, and aver that all files likely to contain responsive documents were searched"). *Shoemaker v. DOJ*, 121 F. App'x 127, 128 (7th Cir. 2004) ("A court need not review documents withheld under FOIA exemptions if the withholding agency provides sufficiently detailed affidavits describing what documents were withheld and explaining why they fit a cited exemption.").

- The Corps has not established Exemption 4 because the unsworn letter it cites is entirely conclusory and does not address FOIA's independent requirement that agencies may not withhold records unless their disclosure would foreseeably harm an interest protected by the exemption.  *See* 5 U.S.C. § 552(a)(8)(A)(i)(I); *Seife v. FDA*, 43 F.4th 231, 239-42 (2d Cir. 2022) (applying foreseeable harm requirement to Exemption 4).

- 5 -

- The Corps is wrong that the request only seeks requests for bids and bid requests related to the current Shelby County Marina lease. The plain text of the request seeks "all" such documents, not only those related to the current lease. MTD Ex. 1, ECF No. 5-1. Were there any ambiguity, the Corps is obligated to construe the request liberally in favor of ECW or seek clarification from the requester (which the Corps has not done here). *See Rubman v. U.S. Citizenship & Immigr. Servs.*, 800 F.3d 381, 389 (7th Cir. 2015) ("A agency has a duty to construe a FOIA request liberally.") (cleaned up).

- FOIA does not allow an agency to decline to process a request for undue burden, but instead allows agencies to take extensions when responding would be burdensome. *See* 5 U.S.C. § 552(a)(6)(B) ("unusual circumstances" provision); *see also Shapiro v. CIA*, 170 F. Supp. 3d 147, 154 (D.D.C. 2016) (upholding request for all records mentioning Nelson Mandela "[r]egardless of how onerous it might be to locate them"). But if it did, the Corps would be required to establish undue burden, and it has not introduced any evidence regarding the burdens of producing all bid proposals and bids documents for what it describes as the "one marina in Shelby County." Reply Br. at 3. Plus, even if the Corps were not required to produce these specific documents, it would still be required to demonstrate the adequacy of its search through a declaration. *See Henson*, 892 F.3d at 875.

- As a matter of law, once a requester has properly filed suit based on constructive exhaustion—as the Corps admits ECW did here—the requester may challenge the agency's post-suit response without filing an administrative appeal. *See, e.g.*, *Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 792-93 (D.C. Cir. 2018) (holding that after a requester has sued after its appeal was constructively exhausted, "[o]nce in court, the agency has the burden to justify any decision to withhold responsive documents"); *Murphy v. Exec. Off. for U.S. Att'ys*, 789 F.3d 204, 207 n.1 (D.C. Cir. 2015) (adjudicating FOIA claim on the merits after agency's failure to respond within deadline constructively exhausted administrative requirements and without later administrative appeal by requester); *Thomas v. Comptroller of Currency*, 684 F. Supp. 2d 29, 32 (D.D.C. 2010) (same). The one case the Corps cites is irrelevant because there the requester sued on the same day he filed his FOIA request and thus did not constructively exhaust his administrative remedies. *See Hoeller v. Soc. Sec. Admin.*, 670 F. App'x 413, 414 (7th Cir. 2016). This case's factual circumstances are entirely different.

- As a matter of fact, the Corps is wrong that the issues ECW now raises are not the basis for this suit. In addition to alleging that the Corps violated FOIA by failing to issue a determination (Count I), which it has now done, ECW also alleged that the Corps failed to conduct an adequate search (Count II) and failed to produce non-exempt records (Complaint Count III). *See* Compl. ¶¶ 13-27, ECF No. 1.

## III.        CONCLUSION

For the foregoing reasons, ECW respectfully requests that the Court strike the Corps' reply brief (ECF No. 13) or, in the alternative, that it grant ECW leave to file a sur-reply.

Dated:  March 7, 2023

RESPECTFULLY SUBMITTED,

/s/ Matthew V. Topic

Attorneys for Plaintiff
EDGAR COUNTY WATCHDOGS

Matthew Topic,
Josh Loevy,
Merrick Wayne,
Shelley Geiszler,
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew Topic, an attorney, hereby certify that on March 7, 2023, I caused the foregoing PLAINTIFF'S      MOTION      TO      STRIKE      REPLY      BRIEF      OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY, to be served on all counsel of record via the Court's CM/ECF system.

<em><u>/s/ Matthew Topic</u></em>